UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UPTOWN GARDEN CENTER                          CIVIL ACTION

VERSUS                                        NO: 07-6660

AMERICA FIRST INSURANCE, ET AL.               SECTION: "R"


<u>**ORDER AND REASONS**</u>

Before the Court is defendant Team One Adjusting Services and defendant Partners Restoration and Construction's motion to dismiss for failure to state a claim.  For the following reasons, the Court GRANTS the defendants' motion.


I.  Background

Plaintiff Uptown Garden Center is the owner of several properties that were insured by America First Insurance Company. The properties were damaged by Hurricane Katrina in August of 2005, and Uptown subsequently notified America First of its intent to claim insurance benefits.  According to Uptown, America First retained defendant Team One to adjust Uptown's claim and Team One retained defendant Partners to provide estimates of the

-1-

covered damage.[1]  Uptown claims that the defendants failed to
resolve Uptown's insurance claim in good faith and in a timely
manner.

On August 29, 2007, Uptown commenced an action in Louisiana
state court against America First, Team One, and Partners
alleging negligence and breach of contract.  The defendants then
removed the matter to this Court.  In June or July of 2008,
Uptown and America First reached a settlement, leaving Uptown's
claims against Team One and Partners as the only remaining
claims.  Team One and Partners have now moved to dismiss Uptown's
claims against them under FED. R. CIV. P. 12(b)(6) and,
alternatively, for summary judgment under FED. R. CIV. P. 56.


II.  Legal Standard

In considering a motion to dismiss, a court must accept all
well-pleaded facts as true and must draw all reasonable
inferences in favor of the plaintiff. *Baker v. Putnal*, 75 F.3d
190, 196 (5th Cir. 1996).  To survive a Rule 12(b)(6) motion to
dismiss, the plaintiff must plead "enough facts to state a claim
to relief that is plausible on its face." *Bell Atlantic Corp. v.
Twombly*, --- U.S. ----, 127 S. Ct. 1955, 1974 (2007); *In re*

---

[1] Defendants argue that Team One did not act as the
insurance adjuster for Uptown's claim.  For the purposes of this
motion, the Court will assume that Team One did act as the
adjuster on Uptown's claim.

*Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing a change in the standard of review). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965 (quotation marks, citations, and footnote omitted).

III.  Discussion

Uptown argues that the defendants breached various tort duties during the claims adjusting process.[2]  Under Louisiana law, an insurance adjuster generally owes no legal duties to an insurance claimant.  *See Ballay v. State Farm Fire & Cas. Co.*, 2007 WL 734414 at \*2 (E.D. La. 2007); *Rosinia v. Lexington Ins. Co.*, 2006 WL 3141247 at \*1-\*2 (E.D. La. 2006); *see also Pellerin v. Cash Pharmacy*, 396 So.2d 371, 373 (La. App. 1981).  Several Louisiana courts of appeals have suggested that an adjuster may, under certain circumstances, assume legal duties and become liable to the claimant.  *See Alarcon v. Aetna Cas. and Sur. Co.*, 538 So.2d 696, 699 (La. App. 1989); *Pellerin,* 396 So.2d at 373. Though the Louisiana courts have not fully elaborated how this

---

[2] In its opposition, Uptown alludes to a conspiracy between the adjusters and the insurer but does not cite any statute or case establishing a cause of action for conspiracy against an insurance adjuster.  Indeed, there does not appear to be any such cause of action in Louisiana.  *See Marketfare Annunciation, LLC v. United Fire & Cas. Co.*, 2007 WL 837202 at \*1 (E.D. La. 2007).

process works, the leading decision, *Pellerin v. Cash Pharmacy*, lists several specific instances in which an adjuster may be liable to the claimant: when the claimant is significantly less educated than the adjuster; when the adjuster makes promises, claims, or misrepresentations with actual or apparent authority; and when the adjuster engages in fraud. *See id.*

Here, Uptown has pleaded no facts that might support a conclusion that the defendants assumed legal duties. Uptown has pointed to no allegations in the petition relating to the circumstances mentioned in *Pellerin*. Unlike the plaintiff in *Dillon v. Lincoln General Ins. Co.*, 2006 WL 3469554 (E.D. La. 2006), for example, Uptown has not recited any facts indicating fraud or misrepresentation. *Compare Dillon*, 2006 WL 3469554 at *1. Uptown has pleaded only facts suggesting that the defendants' performance was deficient in various ways. (*See* R. Doc. 1-2 at ¶¶ 23, 25 (alleging, *inter alia*, that defendants failed to "include all damages in scope of loss/damages estimate," failed to "bring in qualified . . . engineering professionals," and overly depreciated the value of the property).)

None of the alleged facts indicates that the defendants assumed a duty to Uptown. Uptown did not allege that the difference in education levels between Uptown and the defendants caused Uptown to rely on the defendants; that the defendants made

-4-

promises, claims, or misrepresentations with actual or apparent authority; that the defendants engaged in fraud; or that the defendants otherwise caused Uptown to rely on them. *Cf. Pellerin,* 396 So.2d at 373; *Dillon,* 2006 WL 3469554 at *3 n.2 (distinguishing three cases where "the courts did not find that the plaintiffs had alleged any facts upon which it could be said that the adjuster assumed a duty to them."); *Rich v. Bud's Boat Rentals, Inc.*, 1997 WL 785668 at *1, *3 (E.D. La. 1997) (finding that claimant did not state a claim when he alleged that the adjuster, *inter alia*, "[f]ail[ed] to properly investigate the facts of this accident; [f]ail[ed] to properly report the information obtained by it to the insured and/or insurer; . . . [and] [f]ail[ed] to keep [claimant] advised as to the coverage issues involved in the claim").

Uptown argues that because it alleged in its petition that defendants assumed various legal duties, "the alleged duties must be accepted as true."[3]   (R. Doc. 22 at 6; *see also id*. at 5 (alleging that the defendants assumed various "duties of the insurer," including the duty to fairly and adequately adjust the claim and the duty to adequately depreciate the value of the property).   This argument misunderstands the nature of a motion

---

[3] The Court notes that Uptown's petition did not actually allege that the defendants assumed any duties.   Rather, it described different ways in which the defendants' performance was allegedly inadequate.   (See R. Doc. 1-2 at ¶¶ 23, 25.)

to dismiss under Rule 12(b)(6).  The relaxed standard of pleading under the Federal Rules of Civil Procedure does not relieve the plaintiff of the burden of pleading "enough *facts* to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974 (emphasis added).  The mere statement of the desired legal conclusion, without any supporting facts at all, is insufficient to survive a motion to dismiss.  *See id.* at 1965 n.3 (noting that the Federal Rules "still require[] a 'showing,' rather than a blanket assertion, of entitlement to relief."); *see also id.* at 1966 (finding, in the context of a claim for conspiracy under the Sherman Act, that "a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality").  Because Uptown has failed to plead any facts that suggest that the defendants assumed legal duties, let alone facts that "raise a right to relief above the speculative level," *id.* at 1965, the defendants' motion to dismiss must be granted.


IV.  Conclusion

     For the foregoing reasons, the defendants' motion to dismiss is GRANTED.

     New Orleans, Louisiana, this <u>9th</u> day of September, 2008.

                    _____
                          SARAH S. VANCE
                    UNITED STATES DISTRICT JUDGE

                              -6-